IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MATTHEW CLEMENT, | ) | CV. NO. 06-00351 DAE-BMK |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| | ) | RESPONDENT'S MOTION TO |
| vs. | ) | STAY AND ABEY HABEAS |
| | ) | CORPUS PROCEEDINGS AND |
| WARDEN LANE BLAIR; | ) | RECOMMENDING THAT |
| ATTORNEY GENERAL, STATE | ) | HABEAS PETITION BE |
| OF HAWAII, | ) | DISMISSED WITHOUT |
| | ) | PREJUDICE |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER DENYING RESPONDENT'S MOTION TO STAY AND ABEY
HABEAS CORPUS PROCEEDINGS AND RECOMMENDING THAT HABEAS
PETITION BE DISMISSED WITHOUT PREJUDICE

Before the Court is Petitioner Matthew Clement's motion to stay and hold in abeyance the habeas corpus proceedings he initiated on June 28, 2006. This motion was heard on December 19, 2006. After careful consideration of the motion, the supporting and opposing memoranda, and arguments of counsel, the Court DENIES Petitioner's motion to stay and FINDS and RECOMMENDS that the habeas petition be DISMISSED WITHOUT PREJUDICE.

FACTUAL BACKGROUND

On July 18, 2000, Petitioner Matthew Clement ("Clement") was convicted in the Circuit Court of the First Circuit, State of Hawaii, for second-

degree murder in violation of Hawaii Revised Statute ("H.R.S") § 707-701.5, first-degree burglary in violation of H.R.S. § 706-656, and place to keep firearms in violation of § 134-6(C)(E). His conviction was affirmed by the Hawaii Supreme Court on November 30, 2001. On May 24, 2002, Clement filed a petition to vacate, set aside, or correct the judgment, pursuant to Rule 40 of the Hawaii Rules of Penal Procedure. The petition was denied on July 17, 2003. Clement appealed to the Hawaii Intermediate Court of Appeals, which affirmed the trial court's denial of his Rule 40 petition on November 22, 2005. Clement then applied for a writ of certiorari to the Hawaii Supreme Court, which was denied on December 30, 2005.

On June 28, 2006, Clement filed a petition for a writ of habeas corpus before this Court pursuant to 28 U.S.C.A. § 2254. Meanwhile, on June 29, 2006, one day after filing his petition here, Clement filed another Rule 40 petition for post-conviction relief in Hawaii state court.

On November 27, 2006, Clement filed the present motion to stay the habeas corpus proceedings here and hold them in abeyance until the state court rule on his second Rule 40 petition.

## RELEVANT LAW

Persons in custody pursuant to the judgment of a state court may not be granted a writ of habeas corpus unless they meet several procedural requirements under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.A. §§2241-2259 (2006). First, the petitioner must have filed the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.A. § 2244(d)(1). This one-year clock does not begin until the expiration of the ninety day period in which a person may file a petition for writ of certiorari to the United States Supreme Court following a direct appeal. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). In addition, the one-year statute of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C.A. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1005-06 (9th Cir. 1999) (defining "pending" so that no time runs off the one-year statute of limitations between direct appeals).

Second, a writ of habeas corpus may only be granted to a person in custody pursuant to the judgment of a state court where that person has "exhausted the remedies available in the courts of the State." 28 U.S.C.A. § 2254(b)(1)(A).

Petitions that present both exhausted and unexhausted claims are termed "mixed petitions." Rhines v. Weber, 544 U.S. 269, 271 (2005). Mixed petitions may not be granted. See id. at 278; 28 U.S.C.A. § 2254(b). However, mixed petitions may be stayed and held in abeyance to allow petitioners to return to state court where (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 278. Stay and abeyance is appropriate only in "limited circumstances" as it has the tendency to "frustrate[] AEDPA's objective of encouraging finality" and to "undermine[] AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

Good cause for failing to exhaust claims in state court exists when the petitioner will not have sufficient time remaining on the one-year statute of limitations to re-file in federal court after exhausting claims in state court. See DeLongis v. Ollison, No. 06-4236, 2006 WL 2355073, at *1-2 (N.D. Cal. Aug. 14, 2006) (finding that good cause existed because only twelve days remained on the one-year AEDPA limitation); Aguro v. Woodford, No. 05-5296 2006 WL 889473,

at *2 (N.D. Cal. April 5, 2006) (finding that good cause existed because only ten days remained on the one-year AEDPA limitation).

Good cause probably does not exist, however, where a petitioner has more than thirty days remaining in which to return to federal court after exhausting claims in state court.  See Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003) (finding "reasonable" a thirty-day period in which petitioners whose mixed petitions have been stayed may return to federal court following the exhaustion of their claims in state court); Zarvela v. Artuz, 254 F.3d 374, 381 (2nd Cir. 2001) ("when a district court, confronted with a mixed petition, elects to stay the petition, it should explicitly condition the stay on the prisoner's pursuing the state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after the state court exhaustion is completed"); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (adopting the Second Circuit's approach of limiting stays in habeas petitions to thirty days following the conclusion of state collateral proceedings).

Where good cause is not shown for failing to first exhaust claims in state court, a mixed petition should be dismissed.  See Rhines v. Weber, 544 U.S. at 278.  Only "if dismissal of the entire petition would unreasonably impair the

petitioner's right to obtain federal relief" should the petitioner be allowed "to delete the unexhausted claims and to proceed with the exhausted claims." Id.

## DISCUSSION

Petititioner Matthew Clement has presented this court with a mixed petition, containing both exhausted and unexhausted claims. He asks the Court to stay his petition and hold it in abeyance while he further pursues his unexhausted claims in state court. The Court recommends this motion be denied because Clement is unable to show that good cause existed for his failure to first exhaust his claims in state court. Moreover, the mixed petition should be dismissed in its entirety because dismissal will not "unreasonably impair the petitioner's right to obtain federal relief," Rhines, 544 U.S. at 278.

### A.  Clement Has Presented the Court with a Mixed Petition

Clement's petition for habeas corpus is a "mixed petition" because it presents both exhausted and unexhausted claims.[1] Clement specifies four grounds for on which his petition might be granted; three of these grounds contain unexhausted claims.

---

[1] This is uncontested by Clement, who declares "SOME ISSUES HAVE BEEN EXHAUSTED, OTHERS HAVE NOT" in his title to Section VII of his Reply Memorandum to Respondent's Opposition to Petitioner's Motion to Stay and Abey. (Petitioner's Reply 6.)

The first ground for relief Clement claims in his petition is that "[t]rial counsel was ineffective (Hayden Aluli)." (Petition 6.) While Clement appears to have exhausted this particular claim in state court, Clement also notes that he "will be filing a second [Rule 40] petition alleging [appellate and Rule 40 counsel] Myles Breiner failed to subpoena Hayden Alului for Rule 40 hearing" (Petition 7). This is not an argument Clement appears to have previously made in state court. Clement's first ground for relief, then, is actually composed of two separate claims: ineffective assistance of trial counsel *and* ineffective assistance of appellate and Rule 40 counsel. Only the first of these two claims appears to have been exhausted; therefore, taken as a whole, Clement's first ground for relief has not been exhausted in state court.

The second ground for relief Clement states is that "the trial court erred when it allowed hearsay statements of deceased into evidence." (Petition 7.) Clement appears to have properly exhausted this argument during his direct appeal. (See Petition App. A., 17-18.)

Clement's third ground for relief is that "[t]he appellate state courts and the trial court erred when it prevented Petitioner from adducing evidence that Sato had been in possession of a firearm one month prior to decedent's death." (Petition 9.) Clement raised some of these issues in state court, but states that

"appellate counsel on the direct appeal did not clearly specify which U.S. constitutional provisions were violated, therefore, appellate counsel was ineffective." (Petition 9.)  Thus, it appears that Clement's ground three also raises previously unexhausted claims.

The fourth ground for relief Clement asserts, like his first ground, comprises two separate claims: (1) that "[t]he state courts have failed to provide Petitioner a full hearing on his ineffective assistance of counsel claims by not requiring Hayden Aluli's testimony at said hearing," and (2) that "Petitioner's Rule 40 counsel was also ineffective in not having Hayden Aluli subpoenaed for this hearing." (Petition 11.)  Clement has properly exhausted the first claim, but admits that he plans to "file another state court petition" to exhaust the latter claim. (Petition 11.)  Thus, Clement's fourth ground for relief, like his third ground and his first ground, has not been fully exhausted.  Because Clement's petition for habeas corpus presents both exhausted and unexhausted claims, it is a mixed petition.

B. <u>Clement Does Not Show Good Cause for Failure to Exhaust</u>

Mixed petitions may be stayed only where the petitioner can show good cause for his failure to first exhaust his claims in state court.  <u>Rhines</u>, 544 U.S. at 278.  Clement argues that good cause exists because the statute of

limitations was about to expire when he filed his petition. Clement is correct that the impending expiration of the statute of limitations does constitute good cause. See DeLongis, 2006 WL 2355073, at *1-2 . Clement is not correct, however, that the statute of limitations was about to expire in this particular case.

Clement argues that "by the 29th of June, 2006, a Federal Petition had to be filed." (Petitioner's Reply Mem. 2). This calculation fails to take into account that the AEDPA statute of limitations remains tolled through the ninety day period during which a petition for writ of certiorari to the United States Supreme Court may be filed. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).[2] Thus, Clement's 365-day clock did not begin to run until March 1, 2002, ninety-one days after the Hawaii Supreme Court's denial of his direct appeal on November 30, 2001. Eighty-five days ran off Clement's AEDPA clock between March 1, 2002 and the filing of his first Rule 40 petition in state court on May 24, 2002. An additional 181 days ran off Clement's AEDPA clock between the Hawaii Supreme Court's affirmation of the denial of Clement's first Rule 40 petition on December 30, 2005, and the filing of his second Rule 40 petition on

---

[2] Clement recognizes that established Ninth Circuit law tolls the AEDPA statute of limitations during these ninety days, but advances the novel argument that "it is questionable whether the Ninth Circuit holdings would be binding on the U.S. Supreme Court." (Petitioner's Reply Mem. 2-3). Indeed, Ninth Circuit case law is not binding on the Supreme Court; it is, however, binding on this Court.

June 29, 2005.  Therefore, at the time he filed his petition for habeas corpus in this Court on June 28, 2005, Clement had 100 days remaining on his AEDPA statute of limitations; he now has ninety-nine days remaining, since the statute of limitations was tolled when he filed his second Rule 40 petition.[3]

With 100 days remaining before the statute of limitations expired, Clement did not have good cause for failing to first exhaust his claims in state court.  See Kelly, 315 F.3d at 1071.  The Ninth Circuit and others have deemed thirty days a reasonable period of time in which habeas petitioners might return to federal court after exhausting their claims in state court.  Id.  Clement cannot have had good cause for failing to exhaust his claims since he would have been left with more than a reasonable amount of time in which to return to federal court after exhausting them.[4]  Because Clement has not shown good cause, his motion to stay the petition for habeas corpus and hold the proceedings in abeyance is DENIED.

---

[3]Respondents indicate that they believe the statute of limitations was not tolled when Clement filed his second Rule 40 petition because Clement had already filed his petition for habeas corpus.  (See Respondent's Mem. in Opp. to Mot. 16.)  This is not correct.  While the filing of a petition for habeas corpus does not itself toll the statute of limitations, it does not prevent a properly filed state petition for post-conviction relief from tolling the statute of limitations.

[4]Clement also claims that good cause exists based on Pace v. Diguglielmo, 544 U.S. 408, 416 (2005), where the Supreme Court held that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."  Clement, however, has presented no evidence to show that any confusion–much less reasonable confusion–existed regarding whether or not his second Rule 40 filing in state court would be timely.  Thus, Pace does not apply.

### C. Clement's Petition Must be Dismissed

When a mixed petition is not stayed, it must be dismissed in its entirety unless "dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines v. Weber, 544 U.S. at 278.  Here it appears that Clement will have ninety-nine days in which to return to federal court, if necessary, after the conclusion of his ongoing post-conviction proceedings in state court.  The Court FINDS that Clement's right to obtain federal relief will not be unreasonably impaired and RECOMMENDS that his petition for habeas corpus be DISMISSED WITHOUT PREJUDICE.

### CONCLUSION

For the foregoing reasons, Clement's motion to stay and abey habeas proceedings is hereby DENIED.  The Court FINDS and RECOMMENDS that Clement's habeas petition be DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED, FOUND, AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: January 4, 2007

Clement v. Blair; ORDER DENYING RESPONDENT'S MOTION TO STAY AND ABEY HABEAS CORPUS PROCEEDINGS AND RECOMMENDING THAT HABEAS PETITION BE DISMISSED WITHOUT PREJUDICE; Civ. No. 06-00351 DAE-BMK.